UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MIDDLETON-COOK (A MEDICAL CORPORATION)** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 06-11353** |
| **UNITED STATES FIDELITY & GUARANTY COMPANY, ET AL** | * | **SECTION "L"(5)** |

### ORDER & REASONS

This matter comes before the Court on order to show cause as to why this matter should not be remanded to state court for lack of subject matter jurisdiction. Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate.

**I.     BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiff's property located at 2620 Jena Street in New Orleans, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are United States Fidelity & Guaranty Company, Travelers Casulaty & Surety Company, and St. Paul Fire & Marine Insurance Company, the Plaintiff's insurance carriers (collectively, the "Insurers"), and Lena A. Lala ("Lala") and J. Everett Eaves, Inc. ("Eaves"), the Plaintiff's insurance agent, and Ed Kennedy ("Kennedy") and Kennedy , Lewis, Renton & Associates, Inc. ("Kennedy, Lewis," collectively, the "Insurance Agents"), an insurance agent from whom the Plaintiff alleges it sought a "second opinion" regarding its insurance coverage.

On August 28, 2006, the Plaintiff filed the present action in the Civil District Court for

1

the Parish of Orleans, State of Louisiana.  The Plaintiff alleges that it is entitled to payment from the Insurers for damages and losses to the property, in addition to bad-faith penalties under Louisiana law.  The Plaintiffs also allege that the Insurance Agents made various misrepresentations and failed to advise the Plaintiff of available coverage limits and failed to procure adequate insurance.

The Defendants removed this case to federal court on December 27, 2006, contending that this Court has jurisdiction under 28 U.S.C. § 1332 because the Insurance Agents are improperly joined and the amount in controversy exceeds $75,000.

On January 26, 2007, Judge Berrigan issued an Order requiring the parties to submit memoranda as to whether the Insurance Agents were fraudulently joined as to prevent removal (Rec. Doc. No. 5).  Then, on February 6, 2007, Judge Berrigan transferred this case to this Court.  This Court issued an Order directing the Plaintiff to comply with Judge Berrigan's Order and to submit a memorandum directed at fraudulent joinder by July 9, 2007 (Rec. Doc. No. 25).

## II.   LAW & ANALYSIS

The parties to an action may not consent nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).  Indeed, federal courts may examine the basis of jurisdiction *sua sponte*.  *Id.*; *see also Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004) ("[F]ederal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*, even on appeal.").  The Court issued the Order requiring the parties to submit memoranda as to whether the Insurance Agents were improperly joined

The removing defendant bears the burden of demonstrating that federal jurisdiction exists

2

and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

Specifically, the Defendants assert that diversity jurisdiction exists because the Insurance Agents, the non-diverse defendants, were improperly joined, and, therefore, that the Court must disregard the citizenship of these defendants. "The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by the removing party. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). The removing party can satisfy its heavy burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility . . . must be reasonable not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

The Louisiana Supreme Court stated that when an insurance agent undertakes to procure insurance for another, the agent

3

> owes an obligation to his client to use reasonable diligence in
> attempting to place the insurance requested and to notify the client
> promptly if he has failed to obtain the requested insurance. The
> client may recover the loss he sustains as a result of the agent's
> failure to procure the desired coverage if the actions of the agent
> warranted an assumption by the client that he was properly insured
> in the amount of the desired coverage.

*Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730-31 (La. 1973). Further, "an insurance agent's duty to his client can be greater than merely the procuring of requested insurance, depending on what services the agent holds himself out as performing and on the specific relationship and agreements between the particular agent and client." *Graves v. State Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773 (La. Ct. App. 2002).

The Defendants argue that, under Louisiana law, insurance agents do not have a duty to guarantee adequate coverage limits nor does Louisiana law require insurance agents to spontaneously identify a clients needs and advise whether he has the right coverage. Plaintiff, however, alleges that it retained Lala and Eaves to recommend and secure appropriate insurance coverage. According the complaint, the Plaintiff informed Lala and Eaves about the nature of its business and its reliance on expensive equipment in its practice to produce income. Lala, according to the Plaintiff, informed the Plaintiff that the policy it purchased was sufficient and would adequately cover it against important business risks, and based on Lala's representations, the Plaintiff purchased the policy and renewed it each year.

Second, the Defendants assert that the Plaintiff's claims against the Insurance Agents are time-barred pursuant to La. Rev. Stat. § 9:5606, which establishes a three-year peremptive period for actions against insurance agents. Pursuant to this statute, if the plaintiff does not file suit within three years from the date of the alleged act, omission, or neglect, the claim must be

dismissed.  Moreover, if the plaintiff does not file suit within one year from the date the alleged act, omission, or neglect is or should have been discovered, the claim must be dismissed.  The Defendants argue that with respect to Lala and Eaves,  the one-year peremptive period commenced when the Plaintiff renewed its policy in February, 2005.  With respect to Kennedy and Kennedy, Lewis, the Defendants argue that, although the exact date of the alleged "expert review" is unknown, it was prior to Hurricane Katrina making landfall, suit was filed more than a year after the alleged negligence took place.  Plaintiff argues that, with respect to Lala and Eaves, it relied on the advice of Ms. Lala every year at the renewal of its insurance policy.  Additionally, Plaintiff argues that it had one-year from the discovery of the alleged negligent act or omission, and that the Plaintiff discovered the negligent act or omission on August 29, 2005 when Hurricane Katrina damaged its business.  As a result, according to the Plaintiff, its suit against Lala and Eaves was timely.

Without further factual development, the Court cannot conclude that the Plaintiffs have no possibility of recovery against the in-state defendants in this case.  *See, e.g., Maco Serv., Inc. v. Allstate Ins. Co.*, No. 06-8117, 2006 WL 3905002 (E.D. La. Dec. 18, 2006); *S. Athletic Club, LLC v. Hanover Ins. Co.*, No. 06-2605, 2006 WL 2583406 (E.D. La. Sept. 6, 2006).  Accordingly, the Court finds that, at a minimum, Lala and Eaves were properly joined and, thus, that diversity jurisdiction does not exist in this case.  *See, e.g., Alfonso v. State Farm Ins. Co.*, No. 06-6691, 2007 WL 119463 (E.D. La. Jan. 10, 2007).

## III.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that this matter is hereby REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 25th day of July, 2007.

_____
UNITED STATES DISTRICT JUDGE